UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ANTHONY PONOMARENKO,                   :
:  CASE NO. 1:10-CV-563
Plaintiff,          :
:
v.                          :  OPINION & ORDER
:  [Resolving Doc. No. 35, 36, 38]
JOHN POTTER, Postmaster General,       :
:
Defendant.          :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this disability retaliation case, Defendant Postal Service asks this Court to reconsider its opinion granting summary judgment to the Defendant on Plaintiff Anthony Ponomarenko's retaliation claims. [Doc. 36.] The Postal Service also alternatively seeks leave to file a second motion for summary judgment, [Doc. 35], and, in the alternative to reconsideration, moves for summary judgment on any remaining claims, [Doc. 36]. Ponomarenko opposes, and moves to strike the Postal Service's second motion for summary judgment because it was filed without leave of the Court. [Doc. 38.] For the following reasons, the Court **GRANTS** the Postal Service's motion for reconsideration, **DENIES** the Postal Service's request for leave to file a second summary judgment motion, and **DENIES** Ponomarenko's motion to strike.

On March 16, 2010, Ponomarenko brought the instant action against the Postal Service, alleging that his Postal Service supervisors had discriminated and retaliated against him. [Doc. 1.] The Postal Service moved for summary judgment on Ponomarenko's disability discrimination, retaliation for EEO activity, and constructive discharge claims. [Doc. 31.] Ponomarenko opposed

-1-

summary judgment on his constructive discharge and retaliation for EEO activity claims and disavowed that he had asserted any disability discrimination claims. [Doc. 32.] This Court granted summary judgment on the discrimination, retaliation for EEO activity, and constructive discharge claims. [Doc. 34.] As to Ponomarenko's retaliation claim, the Court found that Ponomarenko failed to make out a prima facie case of retaliation: he had made only conclusory assertions and presented to no evidence that a causal link existed between Ponomarenko's EEO complaints and the Defendant's alleged retaliatory acts. [Doc. 34.]

Yet the Court noted that some of Ponomarenko's arguments suggested he could be claiming retaliation for disability accommodation requests, on which the Postal Service had not specifically sought summary judgment. [Doc. 34 at 11.] Finding that the Postal Service had not contested that Ponomarenko made a claim for disability accommodation retaliation, the Court did not reach the issue of whether Ponomarenko made out a prima facie case of retaliation for requesting accommodation. [Doc. 34 at 12.]

The Postal Service now asks this Court to reconsider its opinion. Because the Postal Service seeks reconsideration in response to the Court's opinion granting summary judgment, it has not simply renewed arguments already considered and rejected by this Court and has presented proper grounds for reconsideration. *See McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) ("It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.") (internal quotations omitted).

The Postal Service says it had not argued for judgment on a retaliation for requesting accommodation claim because Ponomarenko had not pled a disability accommodation retaliation

-2-

claim. It also contends that because Ponomarenko's requests for accommodation were based on—and ultimately sought enforcement of—Ponomarenko's 2006 EEO settlement agreement, any accommodation request claim was merely a re-characterization of a retaliation for prior EEO activity claim. [Doc. 36-1 at 4.] Thus, the Postal Service says, because this Court already granted summary judgment on Ponomarenko's retaliation for EEO activity claim, it should similarly dismiss possible separate retaliation claims. [Doc. 36-1 at 7.] In response, Ponomarenko simply urges this Court to deny the Postal Service's motions. [Doc. 38.]

The Court finds that Ponomarenko's accommodation requests merely sought enforcement of his prior EEO settlement. Of the three EEO complaints that Ponomarenko has administratively exhausted, only the facts of Ponomarenko's April 2007 and June 2007 complaints could reasonably support a retaliation for accommodation request claim, as those were the only two occasions on which Ponomarenko made any request for accommodation.[1/] Ponomarenko's April 2007 complaint asserts that on January 16, 2007, Ponomarenko requested and was denied eight hours of annual leave. [Doc. 31-3 at 37.] His June 2007 amendment to that complaint asserts that on May 29, 2007 he requested and was denied auxiliary assistance with his mail route. [Doc. 31-4 at 20, 32-34.] In both complaints, however, Ponomarenko bases his requests on obligations set forth in the 2006 EEO settlement agreement and notes that he seeks adherence to the settlement agreement and work restrictions to resolve those claims. [Doc. 31-3 at 37; Doc. 31-4 at 21.]

Ponomarenko has presented no evidence of requests for accommodation made on grounds independent of the settlement. Indeed, in his opposition to the Postal Service's reconsideration motion, Ponomarenko does not even clarify whether he in fact asserts a retaliation claim based on

---

[1/]Ponomarenko's May 2007 amendment to his April 2007 EEO complaint asserts that his Postal Service Supervisor, Jeff Blados, asked Ponomarenko whether he would use annual leave to cover a short workload. Ponomarenko sought enforcement of the 2006 EEO settlement agreement or removal of supervisor Blados as resolution for that claim. [Doc. 32-2 at 28.] Ponomarenko does not assert that he made any request for accommodation on this occasion.

-3-

accommodation requests. Ponomarenko simply states that he "disputes the Defendant's contention that this Court got it wrong about what is in and what is not in the Plaintiff's case . . . for obvious reasons." [Doc. 38 at 1.] He present no other argument in opposition to reconsideration.[2]

As the only requests for accommodation that Ponomarenko had administratively exhausted are based on obligations set forth in the 2006 EEO settlement agreement, the Court **GRANTS** the Postal Service's motion for reconsideration. The Court thus finds that its opinion granting summary judgment to the Postal Service extends to the entirety of Ponomarenko's retaliation claims. The Postal Service's request for leave to file a second summary judgment motion is thus **DENIED**, and Ponomarenko's motion to strike the second summary judgment motion is **DENIED** as moot.

IT IS SO ORDERED.

Dated: January 20, 2011            s/ *James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

---

[2] Ponomarenko protests that one month before the February 21, 2011 trial in this case is insufficient to brief a second summary judgment. [Doc. 38 at 1.] However, it is ample time to oppose reconsideration, or at the very least to clarify the nature of the Plaintiff's claims and the factual basis for those claims. The Plaintiff does neither.